**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MIGUEL SKERRETT,** ) | |
| **Plaintiff,** ) | |
| ) | **Jury Trial Demanded** |
| **v.** ) | **Case No.** |
| ) | |
| **A/R SPARKS, INC., and** ) | |
| **JONATHON ZARAGOZA,** ) | |
| **Defendants.** ) | |

## COMPLAINT

NOW COMES, MIGUEL SKERRETT ("Plaintiff"), by through his attorneys, Kreitman Law, LLC, with his Complaint against Defendants A/R SPARKS, INC., and JONATHON ZARAGOZA pursuant to the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. §31105, *et seq.*, and states as follows:

## JURISDICTION AND VENUE

1.      On October 14, 2024, Plaintiff timely filed his predicate STAA complaint with the Occupational Health and Safety Administration ("OSHA") alleging that the Defendants retaliated against him and discharged him in violation of the Surface Transportation Assistance Act, 49 U.S.C. §31105, *et seq*. This complaint was docketed as OSHA Case No. 301043764.

2.      Because the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint, this Court has original jurisdiction to hear this *de novo* Surface Transportation Assistance Act action pursuant to 49 U.S.C. § 31105(c).

3.      This Court has federal question jurisdiction over Plaintiff's STAA claims pursuant to 28 U.S.C. § 1331.

1

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) and (3) because the Defendants are transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

5.      At all times material to this Complaint, Plaintiff was an interstate tow truck driver, held a valid commercial driver's license, and is domiciled and a resident of this judicial district.

6.      At all times material to this Complaint, Plaintiff met all qualifications for his position as an interstate tow truck driver.

7.      At all times material to this Complaint, Defendant A/R SPARKS, INC. ("Defendant A/R Sparks") was an interstate motor carrier registered with the United States Department of Transportation ("USDOT") with USDOT Motor Carrier Number MC729337.

8.      At all times material to this Complaint, Defendant A/R Sparks maintained its truck yard and USDOT registered mailing address in this judicial district.

9.      At all times material to this Complaint, Defendant JONATHON ZARAGOZA ("Defendant Zaragoza") was an owner, corporate president and Illinois registered agent of Defendant of A/R SPARKS, INC.

10.      At all times material to this Complaint, Defendant Zaragoza was engaged in the day-to-day management of tow truck drivers for A/R Sparks, Inc., including Plaintiff, controlling the day-to-day operations and policies of A/R Sparks Inc, including determining the policies and procedures applicable to drivers, and the compensation, disciplinary, hiring and firing decisions of drivers operating under the USDOT motor carrier authority of Defendant A/R Sparks.

11.     From on or about May 4, 2024, to August 22, 2024, Plaintiff worked as an interstate tow truck driver for the benefit of and under the motor carrier authority of Defendant A/R Sparks, Inc.

12.     Defendant Zaragoza was the individual who made the decision to terminate Plaintiff on August 22, 2024.

## GENERAL ALLEGATIONS

13.     On or about May 4, 2024, Plaintiff began employment as an interstate tow truck driver on behalf of Defendants.

14.     On or about August 22, 2024, Defendant Zaragoza dispatched Plaintiff to tow damaged commercial motor vehicle equipment, namely a damaged power unit tractor and damaged trailer for HMD Trucking, Inc ("HMD").

15.     Defendant Zaragoza did not provide details to Plaintiff on the condition or the extent of damage to the HMD units when giving Plaintiff this assignment.

16.     HMD's home office is located at 10031 Virgina Avenue, Chicago Ridge IL 60415.

17.     The damaged HMD tractor and trailer were located at Tally's Towing and Recovery ("Tally's"), 1107 Wing Avenue, Owensboro, KY 42303.

18.     Upon arrival at Tally's, Plaintiff discovered that both the tractor and trailer had been involved in a rollover accident and were separated and severely damaged.

19.     When Plaintiff inspected the HMD tractor and trailer at Tally's, Plaintiff reasonably apprehended the units posed a hazardous safety condition posing real danger and risk of serious injury to the himself or public if towed on public highways.

20.     Plaintiff immediately called Defendant Zaragoza to report the hazardous condition of the units.

21. Plaintiff also sent MMS photographs of the condition of the damaged HMD trailer and tractor.

22. Attached as **Exhibit A**, are copies of photographs accurately depicting the HMD trailer and/or tractor as of August 22, 2024, when taken by Plaintiff. Plaintiff sent these photographs via MMS message to Defendant Zaragoza on August 22, 2024.

23. Plaintiff expressed to Zaragoza his reasonable concern about the trailer's structural integrity, particularly the risk of it folding in half during transport. Plaintiff also informed Defendant Zaragoza that it would be unsafe to combine the tractor with the damaged trailer.

24. Despite Plaintiff's safety complaints, Defendant Zaragoza instructed him to "do your best to get it back here" and proceed with the tow.

25. Plaintiff attempted to secure the units for transport as instructed. While doing so, employees from Tally's informed Plaintiff that they would not assist due to insurance restrictions and the poor condition of the HMD units. They also advised Plaintiff against attempting to tow the HMD units in their current state.

26. As Plaintiff was preparing the HMD units for towing, the Kentucky State Police arrived to Tally's and.

27. The responding police officer inspected the situation and informed Plaintiff that towing the HMD units in its current hazardous condition would be unsafe and unlawful. The officer stated that if he caught Plaintiff towing the HMD units, he would issue a $10,000 fine and take Plaintiff out of service.

28. Plaintiff informed the officer that Defendant Zaragoza requested him to tow the combined units and asked the police officer to explain this situation to Defendant Zaragoza. The

police officer agreed and Plaintiff called Defendant Zaragoza and gave his phone to the police officer.

29.    The police officer spoke directly with Defendant Zaragoza over the phone for approximately 15 minutes, explaining the safety and legal issues with attempting to tow the units.

30.    Following the officer's intervention, Plaintiff gathered his own equipment he used to work on the HMD units in preparing them for tow and discussed potential repairs with Tally's.

31.    Attached as **Exhibit B** is a redacted copy of the incident report generated by the Kentucky State Police reflecting that Plaintiff and the Defendants were instructed not tow the HMD tractor and trailer from the Tally's yard due to the unsafe condition of the HMD tractor and trailer.

32.    Tally's provided an estimate for the necessary repairs to make the units safe for towing, which Plaintiff obtained a copy and a copy was provided to Defendant Zaragoza.

33.    The Tally's estimate included replacement wheels for the HMD trailer unit to allow the trailer to be towed safely on the public highway back to Illinois.

34.    Attached as **Exhibit C** is a photograph accurately depicting the Tally's estimate for the repairs that was provided to Defendant Zaragoza on August 22, 2024.

35.    Plaintiff attempted to obtain a correction of the dangerous condition of the HMD units from Defendants by providing information for the necessary repairs from Tally's to permit him to legally tow the HMD units as instructed and was unable to such correction.

36.    Plaintiff refused to countermand the instruction of the Kentucky State Police Officer not to tow the damaged HMD trailer and tractor without further repairs as offered by HMD.

37.    Defendants had actual knowledge of Plaintiff's refusal to tow the damaged HMD trailer and tractor without further repairs.

38.     HMD refused to pay Tally's for the necessary repairs including replacement wheels and communicated this to Defendant Zaragoza.

39.     While Plaintiff was gathering his equipment, Defendant Zaragoza sent text messages to Plaintiff stating that his "job is on the line" and when Plaintiff called him, Defendant Zaragoza cursed out Plaintiff, demonstrating anger at Plaintiff's refusal to perform the unsafe and unlawful tow.

40.     When Plaintiff was returning to the A/R Sparks, Inc. truckyard, Defendant Zaragoza engaged in a heated argument with him over the phone. Defendant Zaragoza accused Plaintiff of not knowing how to perform his job, despite Plaintiff's extensive experience in towing.

41.     Defendant Zaragoza then terminated Plaintiff's employment over the phone, demanding the return of company property such as the shop key and fuel card.

42.     Plaintiff returned the company's property the same day and acknowledged the termination and left.

43.     Defendant Zaragoza subsequently sent another Defendant A/R Sparks, Inc., employee with replacement wheels provided by the HMD instead of having replacement wheels provided by Tally's to complete the repairs and tow of the HMD units.  The other driver did not raise the safety concerns or otherwise engage in protected refusals and was treated more favorably than Plaintiff in that he was not terminated.

44.     On August 22, 2024, Defendants terminated Plaintiff's employment in retaliation for Plaintiff's protected refusal to perform and dangerously unsafe and unlawful tow, as well as his protected complaints about safety issues and safety violations involved in the tow.

6

45. As a direct and proximate result of Defendants' retaliatory termination of Plaintiff, he suffered loss of income, loss of reputation, emotional distress, consequential damages and has incurred attorney's fees and costs.

46. Defendants' actions were willful and egregious and merit the imposition of punitive damages.

## COMMON STAA ALLEGATIONS

47. At all times material to this Complaint, Plaintiff operated commercial motor vehicles as defined by 49 U.S.C. § 31101(1) in the course of his employment with Defendants.

48. At all times material to this Complaint, Plaintiff was an "employee" of Defendant A/R Sparks within the definition of the STAA, 49 U.S.C. § 31101(2).

49. At all times material to this Complaint, Plaintiff was an "employee" of Defendant Zaragoza within the definition of the STAA, 49 U.S.C. § 31101(2).

50. At all times material to this Complaint, Plaintiff was a driver of a commercial motor vehicle and an "employee" of Defendants within the definition of the STAA, 49 U.S.C. § 31105(j).

51. At all times material to this Complaint, Defendant A/R Sparks was an employer of Plaintiff within the definition of the STAA, 49 U.S.C. § 31101(3).

52. At all times material to this Complaint, Defendant Zaragoza was an employer of Plaintiff within the definition of the STAA, 49 U.S.C. § 31101(3).

53. At all times material to this Complaint, Defendants each were engaged in a business affecting interstate commerce – namely the provision and operation of towing services interstate of commercial motor vehicles used to haul freight interstate.

7

54. At all times material to this Complaint, Defendants each exercised control over terms and conditions of commercial motor vehicle drivers' employment including over Plaintiff's employment.

55. At all times material to this Complaint, Defendant A/R Sparks was a "person" within the meaning of the STAA, 49 U.S.C. § 31105, *et seq.*

56. At all times material to this Complaint, Defendant Zaragoza was a "person" within the meaning of the STAA, 49 U.S.C. § 31105, *et seq.*

57. At all times material to this Complaint, Defendant A/R Sparks and Defendant Zaragoza were joint employers of Plaintiff within the meaning of STAA.

### COUNT I
### VIOLATION OF THE SURFACE TRANSPORTATION ACT--- 49 U.S.C. § 31105(a)(1)(A)(i) --- RETALIATION FOR PROTECTED COMPLAINTS
### Plaintiff v. All Defendants

58. Plaintiff re-states and re-alleges each and every allegation in Paragraphs 1-57 of this Complaint as though they are fully and completely set forth herein.

59. Under the Surface Transportation Assistance Act ('STAA'), it is unlawful for an employer to take an adverse employment action against an employee because the employee engaged in protected activity. 49 U.S.C. § 31105, *et seq*. The provisions of the STAA relevant to this charge state:

(1) A person may not discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment, because- (A)(i) the employee, or another person at the employee's request, has filed a complaint or begun a proceeding related to a violation of a commercial motor vehicle safety or security regulation, standard, or order, or has testified or will testify in such a proceeding. 49 U.S.C. § 31105(a)(1)(A)(i).

60. The regulations implementing the STAA state: "It is a violation for any person to intimidate, threaten, restrain, coerce, blacklist, discharge, discipline, harass, suspend, demote, or

8

in any other manner retaliate against any employee because the employer perceives that: (1) The employee has filed orally or in writing or is about to file orally or in writing a complaint with an employer, government agency, or others or has begun or is about to begin a proceeding related to a violation of a commercial motor vehicle safety or security regulation, standard or order." 29 C.F.R. § 1978.102(e)(1).

61. On August 22, 2024, Plaintiff complained to Defendant Zaragoza about the unsafe and hazardous condition of the damaged HMD tractor and trailer he was ordered to tow, expressing his concerns about the trailer's structural integrity and the safety risks posed to himself and the public. Plaintiff's complaints related to violations of Federal Motor Carrier Safety Administration regulations, including 49 C.F.R. § 392.2, which requires that commercial motor vehicles be operated "in such a manner as to not endanger the driver or the public," and 49 C.F.R. § 396.7(a), which prohibits operating a commercial motor vehicle "in such a condition as to likely cause an accident or a breakdown of the vehicle."

62. Additionally, when the Kentucky State Police officer instructed Plaintiff not to tow the damaged HMD units and explained to Defendant Zaragoza that such towing would be unlawful, this constituted an official determination that proceeding with the tow would violate 49 C.F.R. § 392.2, as it would not be in accordance with state law enforcement directives and would endanger the public, and would violate 49 C.F.R. § 396.7(a), as the damaged units were in a condition likely to cause an accident or breakdown.

63. Plaintiff's verbal complaints to Defendants about safety violations and unsafe towing operations, both before and on August 22, 2024, constituted protected activity under 49 U.S.C. § 31105(a)(1)(A)(i) and 29 C.F.R. § 1978.102(e)(1).

64.     On August 22, 2024, Defendants terminated Plaintiff in retaliation for his protected complaints about safety violations, including his refusal to perform the unsafe and unlawful tow of the damaged HMD units, in violation of 49 U.S.C. § 31105(a)(1)(A)(i) and its regulations at 29 C.F.R. § 1978.102(e)(1).

65.     As a result of this unlawful retaliation, Plaintiff has lost income and suffered emotional distress, loss of reputation, and has incurred contractual and consequential damages and attorney's fees and costs in this matter.

WHEREFORE, the Plaintiff requests that the Court enter an order against Defendants, jointly and severally, granting the Plaintiff:

a. All available damages for lost income, lost benefits, and other compensation, plus pre-judgment interest at the statutory rate;

b. Reasonable attorney's fees and costs incurred in this litigation;

c. Punitive Damages necessary to address Defendants' egregious disregard for Federal and State regulations, as well as the safety of those traveling on our country's highways; and

d. All such further relief as shall meet equity and good conscience and permitted by law.

### COUNT II
### VIOLATION OF THE SURFACE TRANSPORTATION ACT--- 49 U.S.C. § 31105(a)(1)(B)(i) --- REFUSAL TO OPERATE VEHICLE
### Plaintiff v. All Defendants

66.     Plaintiff re-states and re-alleges each and every allegation in Paragraphs 1-57 of this Complaint as though they are fully and completely set forth herein.

67.     Under the Surface Transportation Assistance Act ('STAA'), it is unlawful for an employer to take an adverse employment action against an employee because the employee engaged in protected activity. 49 U.S.C. § 31105, *et seq*. The provisions of the STAA relevant to this Count state:

(1) A person may not discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment, because- (B) the employee refuses to operate a vehicle because- (i) the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety or health; 49 U.S.C. § 31105(a)(1)(B)(i).

68.     The regulations implementing the STAA state: "It is a violation for any employer to intimidate, threaten, restrain, coerce, blacklist, discharge, discipline, or in any other manner retaliate against an employee because the employee" engaged in protected activity. 29 C.F.R. § 1978.102(b).

69.     The United States of America, through the Federal Motor Carrier Safety Administration, has promulgated safety rules and regulations requiring that commercial motor vehicles be operated in accordance with the laws of the jurisdiction and "in such a manner as to not endanger the driver or the public." 49 C.F.R. § 392.2.

70.     The United States of America, through the Federal Motor Carrier Safety Administration, has promulgated safety rules and regulations prohibiting the operation of a commercial motor vehicle "in such a condition as to likely cause an accident or a breakdown of the vehicle." 49 C.F.R. § 396.7(a).

71.     As alleged herein, on August 22, 2024, Defendant Zaragoza ordered Plaintiff to tow severely damaged HMD tractor and trailer units that had been involved in a rollover accident. The damaged units exhibited numerous hazardous conditions, including: the trailer's roof being chopped off, damaged side rails, a cracked and broken nose, broken rivets, missing tires, a detached radiator on the tractor, parts hanging from the front of the tractor's frame, and a cracked frame on the tractor.

72.    When Plaintiff inspected the damaged units, he reasonably determined that towing the units would violate 49 C.F.R. § 392.2 and 49 C.F.R. § 396.7(a) because the operation would endanger himself and the public and the units were in a condition likely to cause an accident or breakdown.

73.    A Kentucky State Police officer, after inspecting the damaged units, confirmed Plaintiff's assessment and informed Plaintiff that towing the units in their current condition would be unlawful under state and federal regulations. The officer stated that if he caught Plaintiff towing the combined unit, he would issue a $10,000 fine and take Plaintiff out of service.

74.    The Kentucky State Police officer spoke directly with Defendant Zaragoza for approximately 15 minutes, explaining the safety and legal issues with attempting to tow the units, thereby providing official confirmation that proceeding with the tow would violate local and state safety regulations and thereby violate 49 C.F.R. § 392.2.

75.    Despite this official determination by law enforcement that towing the damaged units would violate state and federal safety regulations related to the safe operations of motor vehicles on public highways, Defendant Zaragoza continued to order Plaintiff to proceed with the unsafe and unlawful tow.

76.    Plaintiff's refusal to tow the damaged HMD units constituted protected activity under § 31105(a)(1)(B)(i) of the STAA because the operation would have violated federal commercial motor vehicle safety regulations.

77.    Defendants terminated Plaintiff on August 22, 2024, in retaliation for this protected refusal, in violation of § 31105(a)(1)(B)(i) of the STAA and its regulations at 29 C.F.R. § 1978.102, *et seq.*

78.     By terminating Plaintiff and otherwise retaliating against Plaintiff for Plaintiff's protected refusal, Defendants violated § 31105(a)(1)(B)(i) of the STAA and its regulations at 29 C.F.R. § 1978.102, *et seq.*

WHEREFORE, the Plaintiff requests that the Court enter an order against Defendants, jointly and severally, granting the Plaintiff:

a. All available damages for lost income, lost benefits, and other compensation, plus pre-judgment interest at the statutory rate;

b. Reasonable attorney's fees and costs incurred in this litigation;

c. Punitive Damages necessary to address Defendants' egregious disregard for Federal and State regulations, as well as the safety of those traveling on our country's highways; and

d. All such further relief as shall meet equity and good conscience and permitted by law.

## COUNT III
## VIOLATION OF THE SURFACE TRANSPORTATION ACT--- 49 U.S.C. § 31105(a)(1)(B)(ii) --- REASONABLE APPREHENSION OF SERIOUS INJURY
## Plaintiff v. All Defendants

79.     Plaintiff re-states and re-alleges each and every allegation in Paragraphs 1-57 of this Complaint as though they are fully and completely set forth herein.

80.     Under the Surface Transportation Assistance Act ('STAA'), it is unlawful for an employer to take an adverse employment action against an employee because the employee engaged in protected activity. 49 U.S.C. § 31105, et seq. The provisions of the STAA relevant to this Count state:

(1) A person may not discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment, because- (B) the employee refuses to operate a vehicle because- (ii) the employee has a reasonable apprehension of serious injury to the employee or the public because of the vehicle's hazardous safety or security condition. 49 U.S.C. § 31105(a)(1)(B)(ii).

81.     As alleged herein, on August 22, 2024, when Plaintiff inspected the damaged HMD tractor and trailer units at Tally's Towing and Recovery, he observed numerous hazardous safety conditions that created a reasonable apprehension of serious injury to himself and the public if he attempted to tow the units on public highways.

82.     The hazardous safety conditions that created Plaintiff's reasonable apprehension of serious injury included: the trailer's roof being completely chopped off, damaged side rails, a cracked and broken nose on the trailer, broken rivets throughout the trailer structure, two missing tires on the trailer, the tractor's radiator being detached, parts hanging precariously from the front of the tractor's frame, and a cracked frame on the tractor.

83.     Plaintiff reasonably apprehended that attempting to tow the severely damaged trailer posed a serious risk that the trailer would fold in half during transport due to its compromised structural integrity, which could cause catastrophic failure and result in serious injury or death to Plaintiff and other motorists on public highways.

84.     Plaintiff reasonably apprehended that the combination of the damaged tractor with the structurally compromised trailer would create an unstable and dangerous towing configuration that could result in jackknifing, rollover, or separation of the units while traveling on public highways, posing serious injury risks to Plaintiff and the traveling public.

85.     Plaintiff's reasonable apprehension of serious injury was corroborated and validated by multiple independent sources:

a. Employees at Tally's Towing and Recovery refused to assist with the tow due to insurance restrictions and the poor condition of the units, and advised against attempting to tow the units in their current state;

b. A Kentucky State Police officer, after inspecting the damaged units, determined that towing the units would be unlawful and dangerous, stating that if he caught Plaintiff attempting the tow, he would issue a $10,000 fine and take Plaintiff out of service;

c. Tally's Towing and Recovery provided an estimate for necessary repairs to make the units safe for towing, including replacement wheels for the trailer, confirming that the units were not safe for transport in their current condition.

86. Plaintiff communicated his reasonable safety concerns to Defendant Zaragoza, explaining the specific risks posed by the trailer's structural integrity and the danger of combining the damaged tractor with the compromised trailer.

87. Despite Plaintiff's reasonable apprehension of serious injury and the corroborating evidence from law enforcement and industry professionals, Defendant Zaragoza disregarded these safety concerns and continued to order Plaintiff to proceed with the dangerous tow.

88. Plaintiff's refusal to operate the damaged commercial motor vehicle equipment due to his reasonable apprehension of serious injury to himself and the public constituted protected activity under 49 U.S.C. § 31105(a)(1)(B)(ii).

89. Defendants terminated Plaintiff on August 22, 2024, in retaliation for his protected refusal based on reasonable apprehension of serious injury, in violation of § 31105(a)(1)(B)(ii) of the STAA.

90.     By terminating Plaintiff in retaliation for Plaintiff's protected refusal based on reasonable apprehension of serious injury, Defendants violated § 31105(a)(1)(B)(ii) of the STAA.

WHEREFORE, the Plaintiff requests that the Court enter an order against Defendants, jointly and severally, granting the Plaintiff:

a.  All available damages for lost income, lost benefits, and other compensation, plus pre-judgment interest at the statutory rate;

b.  Reasonable attorney's fees and costs incurred in this litigation;

c.  Punitive Damages necessary to address Defendants' egregious disregard for Federal and State regulations, as well as the safety of those traveling on our country's highways; and

d.  All such further relief as shall meet equity and good conscience and permitted by law.


Respectfully submitted,

**KREITMAN LAW, LLC**

By:     /s/   *Nicholas J. Kreitman*

Nicholas J. Kreitman
Adrienne S. Finucane
Kreitman Law, LLC
505 N. LaSalle Dr. Suite 500
Chicago, IL 60654
(847) 970-0575
njk@kreitmanlaw.com
*Attorneys for Plaintiff*